UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**CHARLEE ANN BLANKENSHIP,**

      **Defendant.**

Case No. 2:19-CR-237(2)
JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

The instant matter is before the Court for consideration of Defendant Charlee Ann Blankenship's ("Defendant") Motion to Reconsider Detention Order Based on a Change in Circumstances. (ECF No. 61). On March 18, 2020, Defendant moved the Court to reconsider its November 22, 2019 Order (ECF No. 30) which detained Defendant pending trial. (ECF No. 61). The instant matter is fully briefed and ripe for review. For the reasons that follow, Defendant's motion is **DENIED**. (ECF No. 61).

**I**

Defendant was indicted on November 7, 2019 for a conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A)(viii). (ECF No. 4). Four days later, on November 11, 2019, Defendant appeared before the Magistrate Judge for a detention hearing. (ECF No. 24). Following the hearing, the Magistrate Judge ordered Defendant's release on bond pending the Government's motion for reconsideration. (ECF No. 25). Accordingly, the Government moved the Court for review of the Magistrate Judge's Order to release Defendant. (ECF No. 26). After hearing arguments from the parties, the Court issued an Order on November 22, 2019 detaining Defendant

1

pursuant to 18 U.S.C. § 3141. (ECF No. 30). In light of the recent outbreak of Coronavirus Disease 2019 ("COVID-19"), Defendant moved the Court to reconsider its November 22, 2019 Order. (ECF No. 61). The Court conducted a hearing on Defendant's motion via telephone on March 30, 2020. (ECF No. 64).

**II**

Pursuant to 18 U.S.C. § 3142(f), the court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

**III**

Defendant argues that the Court should reconsider its November 22, 2019 Order for several reasons. (*See generally* ECF No. 61). Primarily, Defendant asserts that the recent outbreak of COVID-19 has risen to the level of a pandemic and that federal as well as state officials have issued emergency orders closing various institutions to prevent further spread of the disease, which the Court accepts as true. (*Id.* at 1-2). Defendant contends that she is at a heightened risk of contracting the virus, but she does not allege any specific personal medical issues or risk factors that make her more susceptible than the general public.(*Id.* at 3-4). Defendant does argue that county jails, such as the one she is detained in, are incubators for COVID-19. (*Id.* at 3). As such, Defendant maintains that there has been a change in circumstances which, pursuant to 18 U.S.C.

§ 3142(g)(3)(A) and 18 U.S.C. § 3142(f)(2)(B), mandate a modification of the Court's November 22, 2019 Order. (*Id.* at 5; ECF No. 65 at 1).

The Government disagrees arguing primarily that there has been no individualized evidence of any change in circumstances warranting reconsideration of Defendant's detention. (ECF No. 63 at 1). The Government highlights that the Court previously imposed pre-trial detention on Defendant because she presents a danger to the community. (*Id.* at 2). Moreover, the Government maintains that Defendant's motion offers hypothetical scenarios concerning the spread of COVID-19, when in fact there have been no confirmed cases of the disease in the Central Ohio jail systems. (*Id.*). The Court notes that incarceration is inconsistent with a quarantine and social distancing, thereby creating additional risks to a detained defendant.

18 U.S.C. § 3142(e) instructs that a judicial officer shall order detention of a defendant before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community. Judges shall consider several factors in making this determination, including: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to the community that the defendant's release would pose. 18 U.S.C. § 3142(g). There is a rebuttable presumption that this standard is met when the Defendant is charged with an offense described in 18 U.S.C. § 3142(e)(3)(A) and that offense carries a penalty of 10 years or more. 18 U.S.C. § 3142(e)(3)(A).

There are several factors that a court must consider before ordering the detention of a defendant such as the history and characteristics of the defendant which includes the defendant's "physical and mental condition." 18 U.S.C. § 3142(g)(3)(A). With respect to this factor, the Court recognizes that the advent of COVID-19 has created a global pandemic which poses significant

3

health risks to every individual. COVID-19 is easily communicated in close quarters which is why health protection agencies, such as the Center for Disease Control ("CDC") and World Health Organization ("WHO"), widely recommend social distancing and abstaining from mass gatherings. *See* Center for Disease Control, Interim Guidance for Coronavirus Disease 2019 (COVID-19) (March 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/large-events/mass-gatherings-ready-for-covid19.html; *see also* World Health Organization, Coronavirus Disease (OCIVD-19) Advice for the Public, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/advice-for-public.

The risk of contracting COVID-19 is a factor the Court must consider under 18 U.S.C. § 3142(g)(3)(A). The virus creates a generalized risk, which the Court recognizes, as well as particularized risks to various cohorts, such as the elderly and others. Defendant does not claim a special risk. The general risk to Defendant from COVID-19 must be weighed with the other factors set forth by the law. In a close case, confinement during a pandemic militates against detention. In other cases, particularly those involving danger to the community, a health risk to the defendant by virtue of confinement may not outweigh the risk of harm to others.

The Court determined in its November 22, 2019 Order that certain factors weighed against Defendant's release given that Defendant failed to rebut the presumption for detention that arises from the charged conduct in this case. Defendant has been indicted for trafficking over 500 grams of methamphetamine. Likewise, a search warrant was executed on Defendant's home which revealed a 9MM handgun, heroin, fentanyl, crack and pills. The Court notes that fentanyl has been responsible for yet another deadly epidemic rampant in Central Ohio. The health concerns discussed herein do not outweigh the danger to the community that would result from Defendant's release.

## IV

As stated above, the Court has considered COVID-19's impact on Defendant's detention and has weighed those considerations against the factors enumerated in 18 U.S.C. § 3142(g). Consequently, the Court concludes that, although COVID-19 poses a significant risk to all persons, Defendant still poses a risk to the public that requires her continued detention. For these reasons, Defendant's Motion to Reconsider Detention Order Based on a Change in Circumstances is **DENIED**. (ECF No. 61).

    **IT IS SO ORDERED.**


**4/1/2020**                                                                                    **s/Edmund A. Sargus, Jr.**
**DATED**                                                                                     **EDMUND A. SARGUS, JR.**
                                                                                             **UNITED STATES DISTRICT JUDGE**